IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL SECURITY AGENCY, <br><br> Defendant. | CV-15-18-H-DLC-JTJ <br><br><br> ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff David Braun has filed a suit under 5 U.S.C. § 552a(g)(1)(B) of the Privacy Act of 1974, requesting monetary damages of $750,000. Docs. 1, 22-23. The following motions are pending and fully briefed:

(1) Defendant National Security Agency's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim for which Relief may be Granted, or in the Alternative, to Grant Summary Judgment, Doc. 18; and

(2) Plaintiff David Braun's Motion for Summary Judgment, Doc. 22.

Mr. Braun's Motion to Expedite, Doc. 27, is not yet fully briefed.

The National Security Agency's motion for summary judgment should be granted, and Mr. Braun's motions for summary judgment and to expedite should be denied.

Mr. Braun brings this suit under 5 U.S.C. § 552a(g)(1)(B) of the Privacy Act. Under 5 U.S.C. § 552a(g)(1)(B), an individual may bring a civil action against an agency that refuses to comply with the individual's requests to gain access to his record or to review the record and have a copy made of it. 5 U.S.C. § 552a(k) sets forth specific instances in which an agency is not required to make the record it keeps available to an individual.

The National Security Agency has provided Mr. Braun with a copy of all the records it argues he may receive and has asserted 5 U.S.C. § 552a(k)(1) and (2) exemptions to the other records. Docs. 19 at 14-17, 21, 24 at 2. Mr. Braun has not asserted any facts or set forth any law showing that the exemptions do not apply.

Even if he had shown that the exemptions do not apply, Mr. Braun would be barred from the relief he seeks. Mr. Braun is seeking monetary compensation for a violation of 5 U.S.C. § 552a(g)(1)(B). As a remedy to a violation of 5 U.S.C. § 552a(g)(1)(B), "[a] court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him." 5 U.S.C. § 552a(g)(3)(A). The court also "may assess against the

United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed."

Mr. Braun's monetary recovery is limited to attorney's fees and costs. Mr. Braun has not incurred any attorney's fees and is not entitled to costs because the National Security Agency did not "improperly" withhold records from him. Because the basis for Mr. Braun's suit does not provide a waiver of sovereign immunity for actual damages, the National Security Agency's Motion for Summary Judgment should be granted.

Based on the foregoing, the undersigned issues the following:

## RECOMMENDATIONS

1. Defendant's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim for which Relief may be Granted, or in the Alternative, to Grant Summary Judgment, Doc. 18, should be **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, Doc. 22, should be **DENIED**.

3. Plaintiff's Motion to Expedite, Doc. 27, should be **DENIED** as **MOOT**.

## ORDER

At all times during the pendency of this action, Mr. Braun MUST immediately advise the Court of any change of address. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute

pursuant to Fed.R.Civ.P. 41(b).

DATED this 31st day of July, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge