

FILED

OCT 3 0 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL SECURITY AGENCY,<br><br>Defendant. | CV 15–18–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnson entered his Findings and Recommendation in this case on July 31, 2015, recommending dismissal of Plaintiff David Braun's complaint with prejudice. Because Braun objected to the Findings and Recommendations, the Court will conduct *de novo* review of the record. 28 U.S.C. § 636(b)(1). Those portions of the Findings and Recommendations to which Braun has not specifically objected will be reviewed for clear error. *Id.*; *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Additionally, "[w]here a [plaintiff's] objections constitute 'perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [complaint],' the applicable portions of the findings and recommendations will be

reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (quoting *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)). For the reasons listed below, the Court adopts Judge Johnston's Findings and Recommendations in full.

Braun brought suit under 5 U.S.C. § 552a(g)(1) of the Privacy Act of 1974, seeking $750,000 in monetary damages from the National Security Agency ("NSA") for its alleged failure to disclose an extensive investigation into Braun's daily life and its alleged involvement in his uninvited psychiatric treatment. Judge Johnston recommended that NSA's motion to dismiss or, in the alternative, to grant summary judgment be granted because: (1) NSA's sovereign immunity has not been waived and (2) Braun has failed to state a claim upon which relief may be granted. Braun objects, requesting that the Court allow him six months to seek waiver of sovereign immunity so that he may proceed with his claim for $750,000 in damages.

NSA's sovereign immunity has not been waived. Braun brings his claim under the Privacy Act, which provides for limited remedies. The Court may order NSA to order the production of documents; it may also issue as damages "reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed." § 552a(g)(3)(A), (B). The Privacy Act waives immunity only to the extent of the

expressly allowed damages; sovereign immunity is not waived as to Braun's claim for $750,000 in damages. Braun's objection requesting further time to seek waiver cannot succeed where the statute unequivocally states the extent of waiver.

Nor may Braun proceed to seek the remedies allowed by statute. Braun has failed to state a claim upon which relief may be granted. Following Braun's request for records, NSA produced all records required under the Privacy Act. NSA's invocation of exemptions expressly provided under § 552a(b) and (k) of the Privacy Act cannot give rise to a cause of action under subsection (g) of the same act. Braun's objection does not cure his initial failure to state a claim upon which relief may be granted because he has not asserted any basis in law or fact for an argument against application of the statutory exemptions.

There being no clear error in the remainder of Judge Johnston's Findings and Recommendations,

IT IS ORDERED that:

1. Judge Johnston's Findings and Recommendations (Doc. 29) are ADOPTED IN FULL.

2. Defendant National Security Agency's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim for which Relief May Be Granted, or in the Alternative, to Grant Summary Judgment (Doc. 18) is GRANTED.

3. Plaintiff David Braun's Motion for Summary Judgment (Doc. 22) is DENIED.

4. Plaintiff's Motion to Expedite (Doc. 27) is DENIED AS MOOT.

Dated this 30th day of October, 2015.

Dana L. Christensen, Chief Judge
United States District Court